UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ICE HOUSE AMERICA, LLC, a Florida
limited liability corporation,

          Plaintiff,

v.                                 Case No. 3:05-cv-1294-J-33TEM

INNOVATIVE PACKAGING TECHNOLOGIES,
INC., a Georgia corporation; RICHARD
J. SODERMAN, an individual; M.
RUTLEDGE, INC., a Georgia
corporation d/b/a REDICO; MARK
RUTLEDGE, an individual; and JEFFREY
POORE, an individual,

          Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the Joint Motion for Clarification of the Court's July 22, 2008 Order on Claim Construction (Doc. # 119), filed on August 5, 2008. Because the parties have conferred and both stated their positions in this joint motion, no response is required.[1] The Court now clarifies its July 22, 2008, claims construction order.

On July 22, 2008, the Court entered an order construing disputed terms in three different claims in U.S. Patent No. 6,932,124 (filed Nov. 19, 2003). Among others, the Court construed

---

[1] The Court directed the parties to confer and jointly prepare any request for clarification, and to file any such request by 5:00 p.m. on August 5, 2008. The Court commends the parties for their careful and timely work in preparing their joint motion for clarification.

1

the underscored term in claim 15, reproduced below:

> 15. A method for automatically delivering a plurality of pre-weighed ice pieces to a consumer which comprises:
>
>> automatically providing a plurality of loose ice pieces from a water source to a storage zone;
>>
>> <u>holding a sufficient amount of ice pieces in the storage zone to provide a constant supply of loose ice pieces over an indeterminate period of time</u>;
>>
>> transporting a plurality of ice pieces out of the storage zone, wherein the transporting comprises moving the ice pieces in a substantially horizontal direction, raising an end of the storage zone above a second opposite end, pushing or pulling the plurality of ice pieces, or any combination thereof, so the ice pieces are removed from the storage zone to be weighed;
>>
>> weighing a pre-selected portion of the ice pieces; and
>>
>> depositing the pre-selected portion of the ice pieces into a readily transportable container.

U.S. Patent No. 6,932,124 col.16 (filed Nov. 19, 2003). The Court understood the central dispute over this term to be whether it (1) describes a vessel sized to hold about 2,000 to 20,000 pounds of ice or (2) describes a vessel sized such that the ice vending machine, when working with an ice-maker, would never run out of ice barring a malfunction. As the Court understood it, the question was whether the size of the vessel was in any way dependent on the capabilities of the ice-maker. The Court looked to the claim as a whole and explained that an ice-maker was required by the language "automatically providing a plurality of loose ice pieces from a

water source to a storage zone," which immediately precedes the disputed term. The Court concluded that the disputed language "requires an ice-maker." (Doc. # 116, at 13.)

The Court now clarifies its holding. The disputed language requires a holding vessel that is sufficiently large to keep up with expected demand for an indeterminate period of time, <u>given the capabilities of the ice-maker</u>. To illustrate, suppose demand is expected to be high during a relatively short period each day, and the ice vending machine uses an ice-maker that is incapable of replenishing the ice as it is vended during the period of high demand. In such a case, the holding vessel would have to be of sufficient size that ice would be available throughout the period of high demand. Then, during the period of low demand, the ice-maker could refill the holding vessel in preparation for the next period of high demand. In another example, suppose an ice-maker is used that is capable of producing enough ice every hour to keep up with the highest expected hourly demand. In that case, a vessel large enough to hold a peak hour's worth of ice would be sufficient to provide a constant supply of loose ice pieces over an indeterminate period of time. In both of these examples, the vessels would be covered by the language in dispute. This is true regardless of whether the vessels are smaller than 2,000 pounds or larger than 20,000 pounds.

In short, the function described by the disputed language is

to provide a constant supply of loose ice pieces over an indeterminate period of time.  The method by which this function is accomplished is through the use of a holding vessel of sufficient size to keep up with expected demand, given the capabilities of the ice-maker.[2]

It appears Ice House may seek reconsideration of this ruling. Ice House argues that the disputed language describes a vessel capable of holding 2,000 to 20,000 pounds of ice.  Ice House relies primarily on language in claim 2 of the patent. (See Doc. # 119, at 13.)  Claim 2 describes "a holding vessel configured and dimensioned to contain about 2,000 to 20,000 pounds of ice pieces to provide a constant supply for an indeterminate time."  '124 Patent col.14 ll.27-29.  Ice House submits that, if 2,000 to 20,000 pounds can provide a constant supply of ice for an indeterminate time in claim 2, then 2,000 to 20,000 pounds must also be "sufficient" in claim 15.  (Doc. # 119, at 13.)  According to Ice House, the holding vessel in claim 2 and the holding vessel in claim 15 must accomplish the same task -- i.e., providing a constant supply of ice for an indeterminate time -- so they may be the same size, notwithstanding that different language is used to describe this size.  (Doc. # 119, at 13.)

The Court rejects this argument and declines to reconsider its

---

[2]Of course, the Court does not mean to suggest that expected demand and the capabilities of the ice-maker are the only variables governing the size of the holding vessel.

construction of the disputed language. The different language chosen for claim 2 and claim 15 imports a different meaning. While Ice House correctly cites <u>Curtiss-Wright Flow Control Corp. v. Velan, Inc.</u>, 438 F.3d 1374 (Fed. Cir. 2006), for the proposition that "claim drafters are permitted to use different terms to define the exact same patentable subject matter" (Doc. # 119, at 14), the claim drafter in this case used different language to describe a different concept. The concept described in claim 2 is a holding vessel of 2,000 to 20,000 pounds. The concept described in claim 15, by contrast, is a holding vessel sufficient to keep up with demand when used in conjunction with an ice-maker. As the Court held in its July 22, 2008, order, "the term at issue does not mean a holding vessel of about 2,000 to 20,000 pounds."[3] (Doc. # 116, at 13.)

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED:**

The disputed language from claim 15 of U.S. Patent No. 6,932,124 shall be construed as stated in this Order.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>7th</u> day of August 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record

---

[3] Similarly, the Court rejects Ice House's alternative argument that the disputed claim language describes a vessel holding more than about 500 pounds of ice.