UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No: 3:05-cv-1294-J-20TEM

ICE HOUSE AMERICA, LLC.,
a Florida Limited Liability Company,

        Plaintiff,

v.

INNOVATIVE PACKAGING
TECHNOLOGIES, INC., a Georgia
corporation, RICHARD J. SODERMAN,
an individual, M. RUTLEDGE INC.,
a Georgia corporation d/b/a REDICO,
MARK RUTLEDGE, an individual, and
JEFFREY POORE, an individual.

        Defendants,

## JOINT MOTION TO VACATE CLAIM CONSTRUCTION ORDERS AND ENTER FINAL JUDGMENT AND PERMANENT INJUNCTION BY CONSENT

The parties hereto, by and through their undersigned counsel, hereby give notice of the finalization of their settlement of the claims at issue in this matter and jointly move the Court to vacate the claim construction orders entered in this matter, dated July 22, 2008 (Dkt. No. 116) and August 7, 2008 (Dkt. No. 120) (the "Markman Orders"), and enter a Final Judgment and Permanent Injunction by Consent with the terms of the attached Exhibit 1. In support of this Motion, the parties submit as follows:

1.    This is an action for infringement of United States Patent Number 6,932,124 ("the '124 Patent") and related claims. Plaintiff, Ice House America, LLC, ("Ice House America"), filed the action under 35 U.S.C. § 271 against the Defendants, Innovative Packaging Technologies, Inc., a Georgia corporation, Richard J. Soderman, and Jeffrey Poore (collectively

"the Defendants"), and seeks damages and a permanent injunction. Defendants filed certain counterclaims claiming that Mr. Soderman was a joint inventor of the inventions claimed by the '124 Patent and otherwise challenging the validity of the '124 Patent.

2. Plaintiff contends that the Defendants' making, selling, offering to sell, and using certain ice vending machines (the "IPT Machines") are prohibited by one or more of Claims 15 through 19 of the '124 Patent (the "Method Claims") and 35 U.S.C. § 271.

3. Defendants have stipulated that the '124 Patent is valid and enforceable and that it covers the IPT Machines, and have accepted a license under the '124 Patent for their machines.

4. The parties also have certain ongoing concerns about the Court's claim construction orders, as entered on July 22, 2008 (Dkt. No. 118) and August 7, 2008 (Dkt. No. 120), and, if this case were to proceed, the parties expect that those orders would be the subject of additional arguments, construction, motions and/or appeals. To conserve judicial resources and facilitate the settlement of this action, the parties have stipulated to the vacating of those orders.

5. The standards for a court's vacating of its own, non-final, claim construction orders as part of a settlement of a patent infringement lawsuit were analyzed in *Cisco Systems, Inc. v. Telcordia Technologies, Inc.*, 590 F.Supp. 828, 830 (E.D. Tex. 2008). As the court in *Telcordia* noted when deciding to vacate its claim construction order:

> Neither the Supreme Court nor the appellate courts will force a district court to vacate its orders once they became moot through settlement, absent "exceptional circumstances." *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 27-29, 115 S.Ct. 386, 392-93, 130 L.Ed.2d 233 (1994). The Supreme Court characterized vacatur as an "extraordinary remedy," and stated that a provision in the parties' settlement to vacate the orders is not enough to constitute an "exceptional circumstance." *Id.* at 29, 115 S.Ct. 386. However, a district court may vacate its own claim construction order upon settlement. *Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1328-29 (Fed.Cir.2003) (Dyk, J., concurring) (discussing the

2

mechanism through which parties can prevent interim decision in the litigation from having a collateral estoppel effect in future litigations and suggesting the parties move the district court to vacate its earlier decisions as part of a settlement).

Courts have applied the principles in *Bancorp* to analyze whether they should grant a vacatur. *Clever Devices, Ltd. v. Digital Recorders, Inc.*, 2004 WL 1265934 (N.D.Tex.2004); *Nilssen v. Motorola, Inc.*, 2002 WL 31369410 (N.D.Ill.2002); *Allen-Bradley Co., LLC v. Kollmorgen Corp.*, 199 F.R.D. 316 (E.D.Wisc.2001). Factors considered include:

1. The public interest in the orderly operation of the federal judicial system;
2. The parties' desire to avoid any potential preclusive effect;
3. The court's resources that will be expended if the case continues; and
4. The parties' interest in conserving their resources.

6. In the instant case, the *Bancorp* factors discussed in *Telcordia* weigh in favor of vacatur of the Markman Orders: (a) the public interest will be served by clarifying the effect of the current Markman Orders and allowing any future parties to litigate the meaning of the disputed terms of the '124 Patent to a final adjudication (especially when the parties dispute the meaning of the Markman Orders and agree that further motion practice directed at the Markman Orders is expected at the trial and appellate level if this matter does not settle – courts have recognized that "claim construction orders ... may be altered by the court prior to, or during, trial" and that the reversal rate on appeal of claim construction orders is "forty percent according to some studies" [*see id.* at 830-31 and cases cited therein]); (b) the parties do desire to avoid any potential preclusive effect of the Markman Orders, especially in that the meaning of these non-final orders is contested, there is a split of authority on whether a non-final Markman order has any preclusive effect [*see id.* at 831 and cases cited therein] and the parties have not had the opportunity to seek appellate review of the instant orders; and (c) the Court's and any interested parties' resources will obviously be conserved both by avoiding a lengthy trial and probable

appeal of the instant action, and by clarifying that the current Markman Orders will not have a binding preclusive effect in any future actions (but would still be available to courts and litigants in future actions).

7. The parties have also agreed to the release, lifting and abolishment of the "prosecution bar" on IHA's counsel as contained in the Stipulated Confidentiality Order Between Plaintiff and Defendants dated October 11, 2006, and Order adopting same dated October 11, 2006 (Dkt. No. 56).

WHEREFORE, the parties respectfully request that the Court vacate the claim construction orders entered in this matter, dated July 22, 2008 (Dkt. No. 116) and August 7, 2008 (Dkt. No. 120), and enter a Final Judgment by Consent with the terms of Exhibit 1 hereto consistent with the parties' settlement.

/s/ Frederick D. Page/
Frederick D. Page
Florida Bar No. 968587
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
(904) 353-2000 --telephone
(904) 358-1872 --facsimile
Email: frederick.page@hklaw.com
*Attorneys for Ice House America, LLC*

/s/Ryan T. Pumpian/
Ryan T. Pumpian
Florida Bar No. 156220
BRYAN CAVE POWELL GOLDSTEIN
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3488
(404) 572-6600 --telephone
(404) 572-6999 --facsimile
Email: rpumpian@pogolaw.com
*Attorneys for Defendants*
*Innovative Packaging Technologies, Inc.,*
*Richard J. Soderman and*
*Jeffrey Poore*

# 6180269_v1

**EXHIBIT  /**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No: 3:05-cv-1294-J-20TEM

ICE HOUSE AMERICA, LLC.,
a Florida Limited Liability Company,

        Plaintiff,

v.

INNOVATIVE PACKAGING
TECHNOLOGIES, INC., a Georgia
corporation, RICHARD J. SODERMAN,
an individual, M. RUTLEDGE INC.,
a Georgia corporation d/b/a REDICO,
MARK RUTLEDGE, an individual, and
JEFFREY POORE, an individual.

        Defendants,

**FINAL JUDGMENT AND PERMANENT INJUNCTION BY CONSENT AS TO INNOVATIVE PACKAGING TECHNOLOGIES INC., RICHARD J. SODERMAN, AND JEFFREY POORE.**

THIS MATTER having been commenced by the filing of a Complaint by Plaintiff, Ice House America, LLC, against Defendants, Innovative Packaging, Technologies, Inc., Richard J. Soderman and Jeffrey Poore, and the parties having agreed to settle the claims against said Defendants and to terminate this action as to the said Defendants, by this Final Judgment and Permanent Injunction by Consent, do hereby stipulate and the Court hereby finds as follows:

1.    Plaintiff Ice House America ("Ice House") is a limited liability company organized under the laws of the State of Florida, with its principal place of business located at 645 Mayport Road, Atlantic Beach, Florida 32233.

2.    Defendant, Innovative Packaging Technologies, Inc., is a corporation organized under the laws of the State of Georgia, operating a place of business located at 455 Oak Springs Road, Clarkesville, Georgia 30523.

3. Richard J. Soderman is an individual who resides in the State of Georgia and is the President of IPT.

4. Jeffrey Poore is a sales representative of IPT and has been involved in the sale of IPT's ice vending products.

5. Defendants, IPT, Mr. Soderman and Mr. Poore, will be collectively referred to hereinafter as "the Defendants."

6. This is a civil action for claims arising under the patent laws of the United States, 35 U.S.C. § 271. Plaintiff seeks damages and a permanent injunction.

7. This Court has original and exclusive subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § § 1331 and 1338(a) because the counts in the Amended Complaint are based on patent infringement under 35 U.S.C. § 271.

8. Defendants are subject to the jurisdiction of this Court, and venue is proper in this Court. The parties expressly and irrevocably consented to the personal jurisdiction and venue of this Court for any claim, declaration or action concerning, arising out of, or relating to this Final Judgment and Permanent Injunction By Consent and/or any related settlement agreement.

9. On August 23, 2005, United States Patent Number 6,932,124 ("the '124 Patent") issued, having 19 patent claims covering various embodiments of an automated ice bagging apparatus and methodology.

10. The Plaintiff is the Assignee of all right, title and interest in the '124 Patent.

11. The '124 Patent is valid and enforceable.

12. The Defendants, acting individually and/or in concert with others, have made, sold, offered to sell, and/or used (and induced others to do the foregoing or contributed to others

doing the foregoing) in the United States, including, but not limited to, the State of Florida, certain ice vending machines known as "The Ice Cube" (the "IPT Machines").

13. The Defendants' making, selling, offering to sell, and using said IPT Machines is prohibited by one or more of Claims 15 through 19 of the '124 Patent (the "Method Claims") and 35 U.S.C. § 271.

14. The parties have certain ongoing concerns about the Court's claim construction orders, as entered on July 22, 2008 (Dkt. No. 118) and August 7, 2008 (Dkt. No. 120), and, if this case were to proceed, those orders are expected to be the subject of additional arguments, motions and/or appeals. To conserve judicial resources and facilitate the settlement of this action, the parties stipulate to the vacating of those orders, and the Court finds that vacating those orders is in the interest of justice and judicial efficiency.

15. Subject to the parties' License & Settlement Agreement under which the conduct of Defendants' at issue in this matter is deemed licensed, the parties also agree to the dismissal without prejudice of Plaintiff's claims for monetary relief, to the resolution of Plaintiff's claims for injunctive relief as decreed below, and to the dismissal with prejudice of Defendants' Counterclaims.

16. The parties further agree to the release, lifting and abolishment of the "prosecution bar" on IHA's counsel as contained in the Stipulated Confidentiality Order Between Plaintiff and Defendants dated October 11, 2006, and Order adopting same dated October 11, 2006 (Dkt. No. 56).

## **PERMANENT INJUNCTION**

Plaintiff and Defendants have stipulated to resolve the case, cause and controversy by and between them by this Final Judgment and Permanent Injunction By Consent, and agree to be fully bound by its terms. Pursuant to this stipulation, **IT IS HEREBY ORDERED:**

1. Defendants, Innovative Packaging, Technologies, Inc., Richard J. Soderman and Jeffrey Poore, their employees, agents, officers, directors, representatives, successors, affiliates, parents, subsidiaries, agents, and assigns, and all those in active concert or participation with any of them, are subject to the following Permanent Injunction:

    (a) Except as expressly licensed by Plaintiff, Defendants are permanently enjoined from making, using, selling, or offering to sell any devices, including but not limited to the IPT Machines as set forth above, whose operation or use infringes any of the claims of the '124 Patent; and

    (b) Except as expressly licensed by Plaintiff, Defendants are permanently enjoined from inducing, and/or aiding and abetting, others into making, using, selling, or offering to sell any devices, including but not limited to the IPT Machines as set forth above, whose operation or use infringes any of the claims of the '124 Patent.

2. The jurisdiction of this Court is retained over the subject matter and parties for the purposes of making any other orders necessary or proper to construe, enforce or implement the terms of this Final Judgment and Permanent Injunction By Consent and/or any related settlement agreement between the parties.

3. The Court's Orders dated July 22, 2008 (Dkt. No. 116) and August 7, 2008 (Dkt. No. 120) are hereby vacated.

4. The "Prosecution Bar" referenced in the Stipulated Confidentiality Order Between Plaintiff and Defendants dated October 11, 2006, and Order adopting same dated October 11, 2006 (Dkt. No. 56) is hereby lifted and abolished such that counsel for Plaintiff is released from the terms of those Orders pertaining to any "Prosecution Bar" materials. All other terms of said Orders shall remain in full force and effect.

5. The claims for monetary relief by Plaintiff are dismissed without prejudice pursuant to the parties' settlement, and the counterclaims filed by the Defendants are hereby dismissed with prejudice.

6. The Clerk is directed to close the file.

Dated: _____, 2009     _____
                                  UNITED STATES DISTRICT JUDGE

The parties have consented to the entry of the foregoing Final Judgment and Permanent Injunction by Consent without further notice.

/s/ Frederick D. Page/
Frederick D. Page
Florida Bar No. 968587
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
(904) 353-2000 --telephone
(904) 358-1872 --facsimile
Email: frederick.page@hklaw.com
*Attorneys for Ice House America, LLC*

/s/Ryan T. Pumpian/
Ryan T. Pumpian
Florida Bar No. 156220
BRYAN CAVE POWELL GOLDSTEIN
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309-3488
(404) 572-6600 --telephone
(404) 572-6999 –facsimile
Email: rpumpian@pogolaw.com
*Attorneys for Defendants*
*Innovative Packaging Technologies, Inc.,*
*Richard J. Soderman and Jeffrey Poore*

# 6179201_v1