**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ICE HOUSE AMERICA, LLC, a Florida
limited liability corporation,

      Plaintiff,

v.                                            Case No.  3:05-cv-1294-J-34TEM

INNOVATIVE PACKAGING
TECHNOLOGIES, INC., a Georgia
corporation; RICHARD J. SODERMAN, an
individual; M. RUTLEDGE, INC., a Georgia
corporation d/b/a REDICO; MARK
RUTLEDGE, an individual; and JEFFREY
POORE, an individual,

      Defendants.
_____/

## ORDER GRANTING PERMANENT INJUNCTION

**THIS CAUSE** is before the Court on the Joint Motion to Vacate Claim Construction Orders and Enter Final Judgment and Permanent Injunction by Consent (Doc. No. 148; Motion).[1] Before addressing this Motion, however, the Court must resolve a previously filed, outstanding motion. On January 15, 2009, Plaintiff notified the Court that the parties had reached a tentative settlement of the claims raised in this action. See Plaintiff's Notice of Tentative Settlement (Doc. No. 145) at 1. Accordingly, the Court administratively closed the

---

[1] The Motion included a proposed order titled Final Judgment and Permanent Injunction by Consent as to Innovative Packaging Technologies Inc., Richard J. Soderman, and Jeffrey Poore. See Motion at 6. The parties are reminded that, pursuant to Paragraph II.(E)(4) of this Court's Administrative Procedures for Electronic Filing in Civil and Criminal Cases (Administrative Procedures), "[n]o proposed order shall be submitted unless authorized by the Court." In the instant matter, the Court neither requested nor authorized the submission of the proposed order. The Court notes that although the parties are permitted to file a motion for entry of an agreed order or consent judgment, they are not permitted to file the proposed order in the Court record. See Paragraph II.(E)(4)(a), Administrative Procedures (setting forth the proper manner to submit a proposed order to the Court).

case and instructed the parties to file appropriate documents to close out the file. See January 21, 2009 Order (Doc. No. 146) at 1-2. Instead of doing so, Plaintiff next filed a motion notifying the Court that the parties' settlement efforts had failed, and requested that the Court reopen the case. See Plaintiff's Notice of Failed Settlement and Motion to Reopen Case with Incorporated Memorandum of Law (Doc. No. 147; Motion to Reopen) at 1. Before the Court had an opportunity to consider the Motion to Reopen, however, the parties filed the instant Motion. Thus, it appears that the Motion to Reopen is due to be denied as moot, and the Court may turn its attention to the instant Motion.

Upon due consideration of the Motion and based on the stipulation of the parties, the Court makes the following findings of fact:

1.  Plaintiff Ice House America ("Ice House") is a limited liability company organized under the laws of the State of Florida, with its principal place of business located at 645 Mayport Road, Atlantic Beach, Florida 32233.

2.  Defendant, Innovative Packaging Technologies, Inc. ("IPT"), is a corporation organized under the laws of the State of Georgia, operating a place of business located at 455 Oak Springs Road, Clarkesville, Georgia 30523.

3.  Richard J. Soderman is an individual who resides in the State of Georgia and is the President of IPT.

4.  Jeffrey Poore is a sales representative of IPT and has been involved in the sale of IPT's ice vending products.

5.  Defendants, IPT, Mr. Soderman, and Mr. Poore, will be collectively referred to hereinafter as "Defendants."

6. This is a civil action for claims arising under the patent laws of the United States, 35 U.S.C. § 271. Plaintiff seeks damages and a permanent injunction.

7. The Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the claims set forth in the Amended Complaint allege patent infringement pursuant to Title 35 U.S.C. § 271.

8. Defendants are subject to the jurisdiction of the Court, were served with process, and have appeared in this action. Additionally, the parties, by stipulation, have expressly consented to this Court's exercise of personal jurisdiction, and that venue is proper in this Court for any claim, declaration, or action concerning, arising out of, or relating to this Order Granting Permanent Injunction and any related settlement agreement.

9. On August 23, 2005, United States Patent Number 6,932,124 ("'124 Patent") issued, having nineteen patent claims covering various embodiments of an automated ice bagging apparatus and methodology.

10. The Plaintiff is the Assignee of all right, title, and interest in the '124 Patent.

11. The '124 Patent is valid and enforceable.

12. Defendants, acting individually and in concert with others, have made, sold, offered to sell, and used (and induced others to do the foregoing or contributed to others doing the foregoing) in the United States, including, but not limited to, the State of Florida, certain ice vending machines known as "The Ice Cube" ("IPT Machines").

13. Defendants' making, selling, offering to sell, and using said IPT Machines is prohibited by one or more of Claims Fifteen through Nineteen of the '124 Patent ("Method Claims") and 35 U.S.C. § 271.

14. The parties represent that they anticipate ongoing litigation concerning certain claim construction orders, see July 22, 2008 Order (Doc. No. 118); August 7, 2008 Order (Doc. No. 120), entered by the Honorable Virginia M. Hernandez Covington in this action. To conserve judicial resources and facilitate the settlement of this action, the parties have jointly requested that the Court vacate those orders. The Court, in its discretion, determines that vacating the July 22, 2008 and August 7, 2008 Orders serves the interests of the parties and judicial efficiency. Further, such action in this instance is not contrary to the public interest in the orderly operation of justice.

15. Subject to the parties' License & Settlement Agreement, under which the conduct of Defendants at issue in this matter is deemed licensed, the parties also agree to the dismissal without prejudice of Plaintiff's claims for monetary relief, to the resolution of Plaintiff's claims for injunctive relief as decreed below, and to the dismissal with prejudice of Defendants' counterclaims.

16. The parties further agree to the release, lifting, and abolishment of the "prosecution bar" on Ice House's counsel as contained in the Stipulated Confidentiality Order between Plaintiff and Defendants, dated October 11, 2006, and the order adopting same, see October 11, 2006 Order (Doc. No. 56).

17. The parties have stipulated to resolve this action between them by entry of this Order Granting Permanent Injunction and agree to be fully bound by its terms.

Based on the foregoing findings, it is **ORDERED, ADJUDGED and DECREED** as follows:

1. Plaintiff's Notice of Failed Settlement and Motion to Reopen Case with

Incorporated Memorandum of Law (Doc. No. 147; Motion to Reopen) is **DENIED** as **MOOT**.

2. The Joint Motion to Vacate Claim Construction Orders and Enter Final Judgment and Permanent Injunction by Consent (Doc. No. 148; Motion) is **GRANTED**.

3. Defendants, Innovative Packaging Technologies, Inc., Richard J. Soderman, and Jeffrey Poore, their employees, agents, officers, servants, attorneys, and all those in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are subject to the following Permanent Injunction:

   a. Except as expressly licensed by Plaintiff, Defendants are permanently enjoined from making, using, selling, or offering to sell any devices, including but not limited to the IPT Machines as set forth above, whose operation or use infringes any of the claims of the '124 Patent; and

   b. Except as expressly licensed by Plaintiff, Defendants are permanently enjoined from inducing, and aiding and abetting, others into making, using, selling, or offering to sell any devices, including but not limited to the IPT Machines as set forth above, whose operation or use infringes any of the claims of the '124 Patent.

4. The Court retains jurisdiction to enforce this Permanent Injunction.

5. The July 22, 2008 Order (Doc. No. 116) and August 7, 2008 Order (Doc. No. 120) are hereby vacated.

6. The "prosecution bar" referenced in the Stipulated Confidentiality Order between Plaintiff and Defendants, dated October 11, 2006, and the October 11, 2006 Order (Doc. No. 56), are hereby lifted and abolished such that counsel for Plaintiff is released from the terms of those orders pertaining to any "prosecution bar" materials. All other terms of

said orders shall remain in full force and effect.

7. The claims for monetary relief by Plaintiff are **DISMISSED WITHOUT PREJUDICE** pursuant to the parties' settlement, and the counterclaims filed by Defendants are hereby **DISMISSED WITH PREJUDICE**.

8. Except as provided in the parties' settlement, each party shall bear their own fees and costs.

9. The Clerk of the Court is **DIRECTED** to terminate all previously scheduled deadlines and pending motions and close this file.

**DONE AND ORDERED** in Jacksonville, Florida, this 24th day of November, 2009.

MARCIA MORALES HOWARD
United States District Judge

lc8

Copies to:
Counsel of Record